UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHANNA MILLER                              CIVIL ACTION NO. 18-cv-0148

VERSUS                                     CHIEF JUDGE HICKS

UNDER ARMOUR RETAIL OF
LOUISIANA, LLC                             MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Under Armour Retail of Louisiana, LLC removed this personal injury case based on an assertion of diversity jurisdiction, which puts the burden on Under Armour to set forth facts that show there is complete diversity of citizenship. The notice of removal does not adequately allege Under Armour's own citizenship, so Under Armour will need to file an amended notice of removal by **February 26, 2018** and set forth the necessary information.

Under Armour alleges in paragraph three of its notice of removal that it is a limited liability company organized under Maryland law with its principal place of business in Maryland. It then alleges in paragraph 11 that it is a "foreign corporation" with those same characteristics. Accordingly, Under Armour will need to decide and allege without ambiguity whether it is a corporation or, as its name suggests, an LLC.

If Under Armour is an LLC, it will need to allege its citizenship in accordance with the applicable rules. The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant.

Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007). The court has explained the need for such detail in cases such as Burford v. State Line Gathering System, LLC, 2009 WL 2487988 (W.D. La. 2009) and Adams v. Wal-Mart Stores, Inc., 2014 WL 2949404 (W.D. La. 2014).

    THUS DONE AND SIGNED at Shreveport, Louisiana, this 12th day of February, 2018.

_____
Mark L. Hornsby
U.S. Magistrate Judge