UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHANNA MILLER

CIVIL ACTION NO. 18-cv-0148

VERSUS

CHIEF JUDGE HICKS

UNDER ARMOUR RETAIL OF
LOUISIANA, LLC

MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Under Armour Retail of Louisiana, LLC removed this personal injury case based on an assertion of diversity jurisdiction, which puts the burden on Under Armour to set forth facts that show there is complete diversity of citizenship. The court issued an order (Doc. 6) and pointed out that the notice of removal does not adequately allege Under Armour's own citizenship, so Under Armour was given the opportunity to file an amended notice of removal and set forth the necessary information.

Under Armour filed an amended notice of removal and clarified that it is a limited liability company. Doc. 7, ¶¶ 3 & 9. It did not, however, set forth its membership in accordance with the rules that were explained in a simple and straightforward fashion in paragraph three of the court's prior order. Under Armour will be allowed one final opportunity to file an amended notice of removal by **March 2, 2018** and attempt to meet its burden of establishing complete diversity. If it fails to do so on that third opportunity, the court will remand the case for lack of subject matter jurisdiction.

Lest there be any confusion, the prior order stated: If Under Armour is an LLC, it will need to allege its citizenship in accordance with the applicable rules. The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007). The court has explained the need for such detail in cases such as Burford v. State Line Gathering System, LLC, 2009 WL 2487988 (W.D. La. 2009) and Adams v. Wal-Mart Stores, Inc., 2014 WL 2949404 (W.D. La. 2014).

The court expects that the lawyers involved in a case will read the court's orders, in full, and comply with those orders, in full. Otherwise, the court's time is wasted, which is what happened here. Again, if Under Armour does not comply fully with this order by March 2, 2018, this case will be summarily remanded to state court.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 16th day of February, 2018.

Mark L. Hornsby
U.S. Magistrate Judge